IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case No. 8:25-cv-3111

CORBIN NOTTINGHAM,

    Plaintiff,

v.

CITY OF TAMPA, FLORIDA

    Defendant.
_____/

## COMPLAINT

Plaintiff, CORBIN NOTTINGHAM, by and through undersigned counsel, hereby sues Defendant, City of Tampa, and alleges as follows:

### I. PARTIES

1. Plaintiff Corbin Nottingham resides in the state of Florida, Hillsborough County, Florida, and the city of Tampa.

2. The Defendant, City of Tampa, is a corporate, governmental body, and a political subdivision of the State of Florida, established pursuant to the laws of the State of Florida

### II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. §1983, as the action arises from a Federal Question.

4. This Court has personal jurisdiction over Defendant Officers as they are employees of the State of Florida.

5. This Court has personal jurisdiction over Defendant City of Tampa, as it is a city in the State of Florida

6. This Court has venue over the Defendant, the City of Tampa, as it is a city located in the State of Florida.

### III. STATEMENT OF FACTS

7. On or about April 2, 2023, Plaintiff **Corbin Nottingham** was lawfully driving to his grandmother's home when **City of Tampa police officers**, acting **under color of state law**, initiated a traffic stop alleging that he had failed to stop at a stop sign. *See Florida Traffic Citation AH29T3E, Hillsbourgh County*.

8. The officer D. Johnson, (i.e. Badge 264,Id No. 49748) had followed Mr. Nottingham for several blocks—through multiple intersections—before activating their lights and effectuating the traffic stop, despite having no lawful basis to detain him.

9. After Mr. Nottingham safely pulled his vehicle to the side of the roadway, the officers immediately **seized and detained him without providing any explanation** for the stop, in violation of the Fourth Amendment.

10. Two officers then **forcibly took Mr. Nottingham to the ground and restrained him**, applying handcuffs in a violent manner that caused injuries to his back and waist. The force used was unnecessary, excessive, and objectively unreasonable under the circumstances.

11. After handcuffing him, the officers **dragged Mr. Nottingham across the pavement to a police vehicle**, despite the absence of any resistance or threat, further violating his constitutional right to be free from excessive force.

12. Approximately one week after this first unconstitutional seizure, Mr. Nottingham was released on bond.

13. Plaintiff filed a claim with Internal Affairs.

14. Internal affairs opened an investigation into the officer's conduct.

15. On April 18, 2024, **three officers from the same precinct (i.e. Agency 0350)**, again acting **under color of state law**, initiated a second traffic stop targeting Mr. Nottingham.

*16.* Officer Hamilton, Badge 311, cited Plaintiff for running a stop sign pursuant Fla. Stat. 316.123. *See Florida Traffic Citation AJIXOEE, Hillsbourgh County.*

17. Officer Hamilton followed Mr. Nottingham for several blocks before stopping him.

18. After pulling over, Mr. Nottingham reached for his vehicle registration in compliance with standard police instructions.

19. Officer Hamilton and the officers who **responded to the stop, drew their firearms** on Mr. Nottingham, treating a non-threatening, routine movement as hostile, despite having no reasonable basis to believe he was armed or dangerous.

20. The officers falsely claimed that they believed Mr. Nottingham was reaching for a weapon, even though **no reasonable officer** under the circumstances could have believed he possessed a weapon, and **no specific, articulable facts** supported such a belief.

21. Both traffic stops involved an **abuse of police authority**, including **unlawful detention** and **excessive force**, constituting deprivations of Mr. Nottingham's clearly established rights under the **Fourth and Fourteenth Amendments** to the United States Constitution.

22. Plaintiff incurred injuries as direct result of the brutal traffic stop conducted on April 18, 2024.

23. As a direct and proximate result of these unconstitutional acts, Mr. Nottingham suffered **severe physical injuries**, emotional distress, humiliation, and ongoing psychological trauma.

## IV. CLAIMS FOR RELIEF

### Count I - Excessive Force in Violation of 42 U.S.C. § 1983 (against Defendant's Officers and Defendant )

24. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 23 as if fully set forth herein.

25. The defendant officers acted under the color of state law. The City of Tampa Police Department stopped the Plaintiff without justification and used excessive force to detain the Plaintiff.

26. The defendant officers were acting in their capacity as police officers employed by the Defendant City of Tampa Police at all relevant times.

27. Defendant Officers' conduct deprived Plaintiff of rights secured by the Constitution or laws of the United States.

28. Defendant Officers used excessive force against Plaintiff during his arrest, violating his Fourth Amendment right to be free from unreasonable seizures.

29. The defendant officers' conduct caused the Plaintiff's deprivation.

30. As a direct result of Defendant Officers' actions, Plaintiff suffered physical injuries, pain, and emotional distress, including but not limited to back pain, wrist damage, and shoulder damage.

31.　　Defendant City of Tampa is liable for the actions of Defendant Officers under a theory of municipal liability.

32.　　The Defendant, City of Tampa, has a policy, custom, or practice of allowing or encouraging the use of excessive force by its officers.

### Count II - Harassment
### (against Defendant Officers and Defendant City of Tampa Police Department)

33.　　Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 23 as if fully set forth herein.

34.　　Defendant Officers engaged in a course of conduct directed at Plaintiff.

35.　　Defendant Officers repeatedly stopped the Plaintiff's car without proper justification, explicitly targeting the Plaintiff.

36.　　The conduct and detention served no legitimate purpose but to harass the Plaintiff.

37.　　The defendant officers' actions were not in furtherance of any legitimate law enforcement objective.

38.　　The conduct caused substantial emotional distress to the Plaintiff.

39. As a result of Defendant Officers' harassment, Plaintiff suffered anxiety, fear, and emotional distress, including but not limited to back pain, wrist damage, and shoulder damage.

40. The Defendant, City of Tampa, is liable for the actions of Its Officers under a theory of Respondent Superior.

41. Defendant City of Tampa knew or should have known about the harassing conduct of Defendant Officers and failed to take appropriate action to prevent it.

## PRAYER OF RELIEF

**WHEREFORE,** Plaintiff Corbin Nottingham respectfully requests that this Court enter judgment in his favor and against Defendants, and grant the following relief:

A. Compensatory damages against all Defendants in an amount to be determined at trial for physical injuries, emotional distress, and violation of constitutional rights;

B. Punitive damages against Defendant Officers in an amount to be determined at trial;

C. Injunctive relief requiring Defendant City of Tampa police to implement policies and training designed to prevent future excessive force and harassment;

D. Attorney's fees and costs, along with pre-judgment and post-judgment interest as permitted by law;

E. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 12, 2025                    Respectfully Submitted

By: */s/ Jesse Philippe, Esq.*
    **JESSE PHILIPPE, ESQ.**
    **J. Philippe, PLLC**
    Attorney for Plaintiff
    401 East Jackson Street,
    Suite 2340-D99
    Tel: 813-442-9598
    jp@jphilippelaw.com
    eservices@jphilippelaw.com